OPINION
Appellant Eugene Paul Rininger appeals a judgment of the Stark County Common Pleas Court, Domestic Relations Division, granting the parties a divorce, dividing marital assets, and awarding appellee Shirley Ann Rininger spousal support:
 ASSIGNMENTS OF ERROR
ASSIGNMENT OF ERROR NO. 1
 THE LOWER COURT ERRED IN MAKING ITS MARITAL PROPERTY DIVISION BY AWARDING SUBSTANTIALLY ALL LIQUID MARITAL ASSETS TO PLAINTIFF WHILE AWARDING SUBSTANTIALLY ALL NON-LIQUID MARITAL ASSETS TO DEFENDANT, AND IN SO DOING, VIOLATED THE NONREVOCABLE BENEFICIARY TERM OF DEFENDANT'S PENSION FUND.
ASSIGNMENT OF ERROR NO. 2
 THE LOWER COURT ERRED BY IGNORING PLAINTIFF'S INCOME FROM ALL SOURCES WHEN IT INCREASED ITS SPOUSAL SUPPORT AWARD TO PLAINTIFF, THEREBY INCREASING PLAINTIFF'S SPOUSAL SUPPORT AWARD WITHOUT THE REQUISITE DEMONSTRATED NEED FOR THIS INCREASE.
ASSIGNMENT OF ERROR NO. 3
 THE LOWER COURT ERRED BY MISTATING [SIC] THE ORIGINS OF SEVERAL OF DEFENDANT'S GUNS AND GUN CABINET AND BY OVERSTATING THE VALUE OF DEFENDANT'S FISHING BOATS AND RELATED EQUIPMENT.
The parties were married for 43 years. Appellee filed the instant divorce action seeking a divorce from appellant on the basis of adultery. While the parties agreed to division of their motor vehicles, marital residence, household goods and belongings, cottage property, and cemetery plots, the case proceeded to trial concerning the division of various other assets. Following a trial, the court divorced the parties on the basis of appellant's adultery. At the time of the trial, appellant was 65, and in good physical, mental, and emotional health. He had heart by-pass surgery due to blockage of his arteries, but indicated that he was in good health, suffering from no further heart condition. Appellant was a carpenter by trade, and although retired, worked as a construction consultant for Akron City Hospital. The employment was scheduled to end in the spring of 2000, and appellant earned $2,000 every two weeks. He also received $1700 in pension benefits. Appellee was 64 years of age, and in good health. She was retired from Alliance Community Hospital, where she had worked as a registered nurse. The court divided marital property equally, awarding each party $359,641 in marital property. The court ordered appellant to pay appellee spousal support in the amount of $1,000 per month, and the court reserved jurisdiction to modify the award of spousal support.
 I
Appellant argues that the court abused its discretion in awarding appellee virtually all of the liquid marital assets, while awarding appellant virtually all of the non-liquid assets. Appellant argues that the court should have divided the pension by means of a Qualified Domestic Relations Order (QDRO), and the division of the pension violated the non-revokable beneficiary term of the pension plan. Appellant did not offer the terms of the plan into evidence at trial. The only evaluation of the pension was provided by appellee, with no objection from appellant. Appellant cannot now argue that the court violated the terms of the pension plan when he failed to present evidence of the terms of the plan to the trial court. Appellant has not demonstrated an abuse of discretion in the division of assets. R.C. 3105.171
(C)(1) provides that the division of marital property shall be equal. If an equal division of marital property would be inequitable, the court shall not divide the marital property equally, but instead shall divide it between the spouses in the manner the court determines to be equitable. Id. Appellant has not demonstrated that the court abused its discretion in the equal property division. It appears from the property division exhibit, attached and incorporated into the trial court's opinion, that appellee did receive more liquid assets. This was due to appellant receiving the pension plan, which was the largest asset of the marriage, and the agreement that appellee would keep the marital residence. Further, while appellant now argues the court should have divided the pension by use of a QDRO, appellant did not offer the plan into evidence. The record of the trial does not reflect that appellant requested that the pension be divided by the use of a QDRO at that time. The record does not demonstrate that the court abused its discretion in the division of assets, particularly as the parties agreed to much of the division. The first assignment of error is overruled.
 II
Appellant argues that the court abused its discretion in ordering appellant to pay spousal support in the amount of $1000 per month. He argues that the only evidence before the court was that appellant's employment was to terminate in the spring of 2000. While the court made a finding that the employment would terminate in the spring of 2000, appellant testified at trial that he was not sure if he would try to work after that particular consulting job ended. Tr. 39. The court did not abuse its discretion in ordering spousal support, and reserving jurisdiction to modify the amount or terms of the order upon a change of circumstances of a party, including any involuntary decrease in the parties' wages. Therefore, appellant can move for modification of spousal support if in fact he ceases working, or accepts employment at a lower salary following termination of the job at Akron City Hospital. The second assignment of error is overruled.
 III
Appellant argues that the court erred in awarding appellee a single-barrel Stephens .22 rifle, a sawed-off shotgun, and a 32 ca. Flintlock, which belonged to appellant's family. He further argues he should have been awarded the cabinet that these guns were stored in, as he personally built the cabinet. Appellant testified at trial that he did not care if he was awarded the gun cabinet, as he could buy another one for $1600. Tr. 33. The court found that the three guns awarded to appellee belonged to her family, and therefore awarded her the guns and the gun cabinet. Tr. 9. The record does not reflect that the guns belonged to appellant's family. Further, the court awarded appellant his guns, with a value of $8985. Appellant also argues that the court overstated the value of appellant's fishing boats and equipment, and should have reduced the value of the property by over $3000. Appellant further argues that the court valued a 1992 Mercury boat that does not exist. However, the court accepted the statement of boats and valuations provided by appellant. Appellant can not now claim error in the valuation of these boats. The third assignment of error is overruled.
The judgment of the Stark County Common Pleas Court, Domestic Relations Division, is affirmed.
 ________________________ Gwin, P.J.,
By Edwards, J., and Reader, V.J., concur